IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

Home Casual LLC,

                                                              (Chapter 7)

         Debtor.                                              Case No. 13-11475

MEMORANDUM DECISION

     The following facts are either admitted or taken as true only for the consideration of this motion to grant standing. Debtor Home Casual LLC operated as a supplier of outdoor furniture for national retailers, purchasing its products from manufacturers in China (including the movants). Don Corning, as 50% owner of Home Casual, and his children, Erin Corning and Kendra Farley, played a major role in the company's operations. By July 2011, Home Casual was insolvent. Still, it continued to negotiate with its creditors. In October 2011, Kendra formed another outdoor patio supply company that is now referred to as AMG International, LLC. By 2012, Home Casual had no customers or ongoing business of its own. Yet, it continued to pay salaries to Erin and Kendra even though it was clear any work performed was to benefit AMG. Erin and Kendra received a salary from the debtor during September 2011 to March 29, 2013 totaling $208,925 and $261,758, respectively.

     On March 29, 2013, Home Casual LLC filed a chapter 11 bankruptcy but then immediately converted the case to a chapter 7. The trustee conducted several rule 2004 examinations and commenced adversary proceedings seeking to avoid transfers made to various creditors including Erin Corning and Kendra Farley. The movants, creditors Zhejiang Hemei Leisure Products Co., Ltd., Hangzhou Volly Garden Furniture Co., Ltd. and Hangzhou King-Rex

1

Furniture Industry Co., Ltd. (collectively the "factories"), also filed an adversary proceeding against Erin and Kendra. The factories then filed this motion for an order granting standing to prosecute, on behalf of the debtor's bankruptcy estate, preference and fraudulent transfer claims against Kendra and Erin pursuant to 11 U.S.C. § 544, 547, 548, and 550 and Wis. Stat. § 242.04 and 242.05.

The factories allege the salaries paid to Erin and Kendra are preferential transfers for several reasons: (1) the payments of debtor's funds benefited Erin and Kendra; (2) each payment was made on account of an antecedent debt owed to Erin or Kendra; (3) Erin and Kendra are insiders because they are the children of Don Corning, who is the president and 50% owner of Home Casual; (4) it is highly unlikely the estate will pay all creditors' claims in full, thus Erin and Kendra received more than they would have if the claims were paid in a chapter 7 case.

The factories allege the salaries were a fraudulent transfer for several reasons: (1) the payments were made as part of a scheme to benefit AMG to the detriment of the estate; (2) Don Corning demonstrated intent to place the value of debtor's business outside of the reach of creditors by signing certain business agreements; (3) the debtor received no value for Kendra and Erin's services to AMG; (4) the payments benefited Erin and Kendra who were insiders under an employment contract not in the ordinary course of business.

Although the factories had ongoing discussions with the trustee about various causes of action against AMG and the debtor's insiders, the trustee declined to pursue salary avoidance actions against Erin and Kendra. Consequently, the factories request derivative standing to pursue those actions. Erin and Kendra object to this motion, arguing the avoidance claims are not colorable and even if the claims were, the trustee did not unjustifiably refuse to pursue them.

2

At the preliminary hearing on the motion, the factories proposed a contingent fee arrangement which would limit costs and fees to a reasonable amount of any successful recovery of the salaries. When questioned by the court, trustee's counsel stated the salary avoidance action based on a theory of fraudulent transfer was not cost-effective to the estate as the trustee is already pursuing the overall value transferred to AMG. Counsel admitted there was no indication the defendants were not collectable and that the trustee's current action would not recover the salaries. Counsel opined that the factories' preference action had no merit.

Under 11 U.S.C. §§ 544, 547, and 548, the trustee may avoid any transfer of an interest of the debtor in property which meets certain requirements. While the statutes clearly identify only the trustee as the holder of this right, courts have allowed other parties to avoid transfers if they could demonstrate derivative standing. *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir. 1990)("Absent court permission, creditors are without authority to pursue a claim of fraudulent conveyance, *Matter of Xonics Photochemical, Inc.*, 841 F.2d 198, 202–03 (7th Cir.1988), to pursue a preference action, *Koch Refining v. Farmer Union Central Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988); *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860 (10th Cir.1985), or to enforce the Trustee's strongarm powers under § 544(a). *Moyer v. Dewey*, 103 U.S. 301, 26 L.Ed. 394 (1881); *Boyd v. Martin Exploration Co.*, 56 B.R. 776 (E.D.La.1986).").

Courts employ different considerations when deciding whether to grant derivative standing.[1] The United States Court of Appeals for the Seventh Circuit considers three factors:

---

[1] See *In re Gibson Grp., Inc.*, 66 F.3d 1436, 1438 (6th Cir. 1995)("We decide, therefore, that a bankruptcy court may permit a single creditor in a Chapter 11 case to initiate an action to avoid a preferential or fraudulent transfer instead of the debtor-in-possession if the creditor: 1) has alleged a colorable claim that would benefit the estate, if successful, based on a cost-benefit analysis performed by the bankruptcy court; 2) has made a demand on the debtor-in-possession to file the avoidance action; 3) the demand has been refused; and, 4) the refusal is unjustified in light of the statutory obligations and fiduciary duties of the debtor-in-possession in a Chapter 11 reorganization."); see also *In re Racing Servs.*, 540 F.3d 892, 900 (8th Cir. 2008)("We therefore hold, to establish derivative standing, a

3

> A trustee may be divested of this exclusive authority [to collect and reduce to money the property of the estate under 11 U.S.C. § 704(1)] only in narrow circumstances. When (a) the trustee unjustifiably refuses a demand to pursue the action; (b) the creditor establishes a colorable claim or cause of action; and (c) the creditor seeks and obtains leave from the bankruptcy court to prosecute the action for and in the name of the trustee, then may an individual creditor or creditors' committee prosecute an action originally vested in the trustee. *Louisiana World Esposition v. Federal Insurance Company*, 858 F.2d 233, 247 & n. 14 (5th Cir.1988); *Koch Refining*, 831 F.2d at 1346–47 & n. 9.

*Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). The first two requirements are at issue in this case.

Erin and Kendra assert there is no colorable claim because the salaries were paid in the ordinary course of business. To be "colorable" a claim must be able to pass a motion to dismiss for failure to state a claim. *In re Archdiocese of Milwaukee*, 483 B.R. 855, 858-59 (Bankr. E.D. Wis. 2012). This is a fairly low standard, well below certainty of success. *Id.* at 859 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.... The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.") At the preliminary hearing, counsel for the trustee admitted there was a cognizable fraudulent transfer claim for the salaries but he declined to pursue this claim after a cost-benefit analysis. The claims of the factories are colorable.

A trustee's decision to decline the pursuit of a colorable claim is only justified if there is a legal or practical impediment to prosecution. While the cost to the estate is a valid consideration for a trustee, the mere lack of funds will not justify a decision not to prosecute. *In re Gibson Grp.*, 66 F.3d at 1442-43 ("Finally, we hold, as we did in *In re Automated Business*

---

creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims.").

4

*Sys., Inc.*, that a bankruptcy court does not err if it finds that a facially justifiable reason for failing to file an avoidance action, such as where a trustee claims that a lack of funds is its only reason for failing to bring the action, is actually insufficient to justify the failure to bring the action if under the circumstances the claim will benefit the estate even after attorneys' fees and costs are deducted.") There appears to be no practical or legal impediment to the trustee pursuing the salary avoidance claims. The factories hope to recover almost $470,000 in avoidable transfers at no net cost to the estate. Counsel for the factories has agreed to receive no costs or fees unless the action is successful and the court approves them as reasonable. Thus, while the trustee's decision was well thought out and reflected no improper motives, it is not technically "justified" in the manner which would preclude granting derivative standing to the factories. This is the narrowest of distinctions, and certainly a long distance from the frequent use of derivative standing to check the self-interested indolence of debtors in possession who choose not to pursue avoidance actions. Derivative standing is made appropriate here by the low cost and risk placed on the estate.

The adversary proceedings against Erin and Kendra may well be consolidated to avoid redundancy. If that is done, granting standing merely extends the estate's potential for recovery which is beneficial to all of the creditors. The motion for an order granting the factories standing to prosecute claims of the estate is granted. It may be so ordered.

Dated: May 19, 2015

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

5